properly denied the cross motions of defendants Steger Material Handling Co., Inc. (Steger Material), and J.G.M. Installation & Service, Inc. (JGM), for summary judgment dismissing the complaint. There is proof from which the trier of fact could conclude that JGM created the condition that caused the accident and that Steger Material is responsible for the negligence of its subcontractor. The question of proximate cause "may be determined by the court as a matter of law only when there is but one conclusion that may be drawn from the facts" (*Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451; *see, Derdiarian v Felix Contr. Co.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

The court also properly denied that part of plaintiff's motion to amend the complaint and pierce the corporate veil of Steger Material by adding Richard Steger as a defendant. The corporate form may not be disregarded merely because the assets of the corporation and its insurance are insufficient to assure a potential plaintiff of recovery (*see, Walkovszky v Carlton*, 18 NY2d 414, 419; *Bowles v Errico*, 163 AD2d 771, 773).

The court erred, however, in granting that part of plaintiff's motion seeking to state additional causes of action for alleged violations of Labor Law §§ 200 and 241 (6). Because plaintiff was neither working on the loading dock renovation nor employed to carry out the repairs, she is not within the class of workers protected by those statutes (*see, Gibson v Worthington Div.*, 78 NY2d 1108; *Valinoti v Sandvik Seamco*, 246 AD2d 344). We modify the order, therefore, by denying that part of plaintiff's motion.

Plaintiff's remaining contention is not preserved for our review. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.

■ DONALD R. CLARK et al., Appellants, v MICHELE S. SCHWAB et al., Respondents, et al., Defendant. (Action No. 1.) MICHELE S. SCHWAB, Respondent, v DONALD R. CLARK et al., Appellants. (Action No. 2.) (Appeal No. 1.) [678 NYS2d 705] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Roberts, J.H.O. (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Real Property.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.

■ DONALD R. CLARK et al., Appellants, v MICHELE S. SCHWAB et al., Respondents, et al., Defendant. (Action No. 1.) MICHELE S. SCHWAB, Respondent, v DONALD R. CLARK et al., Appellants. (Action No. 2.) (Appeal No. 2.) [678 NYS2d 704] —Ap-

peal unanimously dismissed without costs (see, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Consolidation.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.

■ JACK COOK et al., Respondents, v BERNARD SUTTON et al., Appellants. [677 NYS2d 837] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Jack Cook (plaintiff) sustained injuries when he slipped and fell, allegedly on wet grass, while leaving the backyard of defendants' home. Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. A landowner may be liable for injuries resulting from a dangerous condition on the property if the landowner created the dangerous condition or had actual or constructive notice of it (see, Kuchman v Olympia & York, 238 AD2d 381, 381-382). Defendants demonstrated as a matter of law that they did not have either actual or constructive notice of the wet grass prior to plaintiff's accident, and plaintiffs failed to raise a triable issue of fact. Plaintiffs allege that defendants created the condition by placing a keg of beer in ice in their backyard. Plaintiff testified at his deposition that the beer keg was located 10 to 15 feet uphill and to the left of the spot where he fell. At their depositions, defendants denied that there was a keg of beer on their property that day.

Even assuming, arguendo, that the keg of beer was in the location described by plaintiff (see, Tassone v Johannemann, 232 AD2d 627, 628), we conclude that plaintiff nevertheless failed to raise a factual issue whether defendants created the allegedly dangerous condition of the wet grass. Plaintiff testified that he did not know where the water came from that caused the wet grass in the area where he fell, although he thought that it was "possible" that the water on the grass where he fell might have come from the beer keg because "it was wet around the keg of beer". He also suggested that the wet grass was caused by people walking around in wet bathing suits. The testimony of plaintiff concerning the source of the water in the area where he fell is based upon pure speculation and is insufficient to defeat a motion for summary judgment (see, Eddy v Tops Friendly Mkts., 91 AD2d 1203, affd 59 NY2d 692). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY DARRISAW, Appellant. [677 NYS2d 836] —Judgment